IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATLAS IP, LLC )<br>A Florida Limited Liability Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF NAPERVILLE, )<br>An Illinois Municipality, )<br>)<br>)<br>Defendant. )<br>) | No. 1:15 cv 10744<br><br>Judge Sharon Johnson Coleman |

## **DEFENDANT CITY OF NAPERVILLE'S MOTION TO DISMISS**

Defendant, by their undersigned counsel, respectfully moves for dismissal of Atlas IP, LLC's complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of this motion, defendant states:

1. The complaint for patent infringement should be dismissed because it does not state a claim upon which relief may be granted.

2. In patent infringement cases, the Federal Circuit previously held that compliance with Form 18 of the Federal Rules of Civil Procedure was sufficient to avoid dismissal under Rule 12(b)(6). *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).

3. On December 1, 2015, the Federal Rules were formally amended to abrogate the Forms Appendix, including Form 18. In its order accompanying the changes to the Federal Rules, the Supreme Court explicitly stated that the amendments "shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, *insofar as*

***just and practicable, all proceedings then pending***." See City of Naperville's Request for Judicial Notice, Ex. 1, 30-31 (emphasis added).

4. Atlas's complaint for patent infringement was filed on November 30, 2015 – just one day before the changes to the Federal Rules. Courts in this district have found that "retroactive application of amendments to the Federal Rules of Civil Procedure is encouraged." *Galvan v. Krueger International, Inc.*, No. 07-C-607, 2011 WL 111576 at *5 (N.D. Ill. Jan. 13, 2011). Thus, the court should hold Atlas to the *Iqbal* and *Twombly* pleading standard.

5. Atlas has conceded that its complaints filed on November 30, 2015 should be required to satisfy the *Iqbal* and *Twombly* test, and not Form 18. *See Atlas IP, LLC v. Pacific Gas and Electric Co.*, 3:15-cv-05469, Dkt No. 17 at p. 2 (N.D. Cal. Jan. 27, 2016)

6. Under *Iqbal* and *Twombly*, a complaint should be dismissed under Rule 12(b)(6) when it fails to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

7. Because Atlas's complaint fails to (1) allege facts that make infringement by Naperville plausible, (2) identify any asserted claims, and (3) specify an infringement theory, i.e., direct, indirect, literal or doctrine of equivalents, it fails to meet the *Iqbal* and *Twombly* pleading standard. The Court should dismiss Atlas's complaint in its entirety.

WHEREFORE, for all the forgoing reasons, and for those set forth more fully in the Memorandum in Support, filed herewith, defendants respectfully request that the Court dismiss Atlas's complaint, and grant such other and further relief as the Court deems as just and proper.

2

Dated: February 9, 2016

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ George J. Tzanetopoulos
George J. Tzanetopoulos (6190826)
gtzanetopoulos@bakerlaw.com
Stanley C. Ball (0088025)
scball@bakerlaw.com
191 North Wacker Drive, Suite 3100
Chicago, IL 60606-1901
Telephone: 312.416.6200
Facsimile: 312.416.6201

Steven J. Rocci (*pro hac vice*)
srocci@bakerlaw.com
Steven B. Samuels (*pro hac vice*)
ssamuels@bakerlaw.com
Charlie C. Lyu (*pro hac vice)*
clyu@bakerlaw.com
Mark E. Braun (*pro hac vice*)
mbraun@bakerlaw.com
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant
City of Naperville*

## CERTIFICATE OF SERVICE

I, George J. Tzanetopoulos, an attorney, certify that on February 9, 2016, a true copy of the foregoing **MOTION TO DISMISS** was served on all attorneys of record via the United States District Court's CM/ECF system.

/s/ George J. Tzanetopoulos